Donald Ray MILLS

v.

DEGESCH AMERICA, INC.

Civ. A. No. 1:93–CV–0173.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 19, 1993.

David Dies, Dies Dies & Henderson, Orange, TX, for plaintiff.

Stanley Renneker, Houston, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Donald Ray Mills, former shipping supervisor at Beaumont Rice Mills, brought suit against Degesch America, manufacturer of the toxin Fumi–Cel, for injuries sustained

when the chemical container exploded during use. Suit was filed in state court on February 26, 1993, and removed on diversity by Degesch on April 15th. This court granted Mills's request for jury trial on the day it was filed, June 14th.

Degesch now petitions the court for rehearing and denial of Mills's request for a jury. Defendant argues that, under Federal Rule of Civil Procedure 81(c), a party who wants a jury trial in federal court must file a demand ten days after service of the removal petition *unless* 1) state law does not require an express demand to obtain a jury trial *or* 2) an express demand for jury trial under state law had been made prior to removal. Degesch points out that Texas law requires both written application and a fee to obtain a jury, (Vernon's Ann.Texas Rules Civ.Proc., rule 216), that Mills paid the fee but did not file a written application prior to removal, and that his request for a jury in this court was filed long past the ten-day period mandated by R. 81(c).

Mills argues that state and federal court have discretion to grant a jury trial and that "it was obvious that the Plaintiff was seeking a jury trial by and through the payment of the jury fee." Mr. Dies, Mills's lawyer, further represents to the court that during the time period in question he was involved in preparation of a five-week long trial and that his legal secretary was absent due to severe medical problems requiring surgery. He filed a motion for leave to file first amended complaint which requests a jury trial, which this court granted on July 27th prior to the case management conference of August 5th.

Upon review of both parties' briefs and discussion of the issue at case management conference, the court holds that Degesch's analysis of Rule 81(c) and the state jury-demand statute is correct; Texas does require an express demand, such demand was not made in state court and was made late in this court.

Consequently, Degesch America's Motion for Rehearing and Denial of Plaintiff's Request for a Jury Trial is GRANTED.